Circuit Court of Mahoning County.

THE MAHONING VALLEY RAILWAY COMPANY v. GEORGE SEEFRED.

Decided, December 26, 1911.

*Variance Between Pleading and Proof.*

A judgment will not be reversed because of a variance between the pleadings and the proof and omission to conform the pleadings to the facts proved, unless the variance clearly misled the opposite party to his prejudice.

*Arrel, Wilson & Harrington,* for plaintiff in error.
*Spellman & Hammond,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

This was an action for personal injuries sustained by Seefred while boarding a car of the railway company. Verdict and judgment were for the plaintiff below.

The plaintiff in his petition alleged that, being at a proper stopping place, he signaled the motorman of the approaching car to stop; that the motorman obeyed his signal and the car came to a stop; that when it had so stopped he attempted to board the car, but before he had opportunity to get securely aboard the car, the conductor gave the motorman a signal to go ahead, and the latter started the car with a violent jerk which threw the plaintiff to the ground severely injuring him.

The petition further alleges that the injuries so received were directly and proximately caused by the sudden starting of the car without giving plaintiff sufficient and reasonable opportunity

to board it, and without warning him that the car would be so started.

The answer, in addition to containing a general denial, further averred that the plaintiff attempted to board a car not then in condition to be boarded by him, and did so without exercising any care or caution whatsoever.

Upon the trial plaintiff introduced evidence tending to prove all the allegations of his petition, including the averment that the car had stopped before he attempted to board it.

The defendant introduced evidence tending to prove that the car had not come to a complete stop, but had only slowed down, when the plaintiff attempted to get aboard it.

Claiming that the plaintiff could not recover under the allegations of his petition, unless the jury should find that the car came to a complete stop before he attempted to board it, the defendant reserved that point alone for the consideration of this court by exception to the trial court's refusal to charge certain requests preferred by it, both before and after the argument, and by excepting to the charge as given, the same authorizing a verdict for the plaintiff with proper qualifications, in event the jury should find that the car had either wholly stopped or so slowed down as to warrant a reasonably prudent man in attempting to get upon it.

We have here what is technically called a variance, provision for which is made by Sections 11556, 11557 and 11558, General Code, and it becomes important to determine whether the variance in this case was material or immaterial.

The gist of the action was the negligent starting of the car, either from a stop or from slow speed. It is conceded that if the car was started negligently with a jerk, either from a stop or from slow speed, and the plaintiff by reason thereof was thrown from the car, without fault on his part, he could recover.

Had plaintiff in his petition alleged that on his signal the car stopped or slowed up sufficiently for him to step aboard it, the question here made would not have arisen.

The allegations of the petition were proved in their general scope and meaning, and unproved, if at all, only in the unimportant particular that the car had stopped. The case does not

come under the last section of the General Code cited, but under the first section, 11556, which provides:

"No variance between the allegations in a pleading and the proof, shall be deemed material, unless it has actually mislead the adverse party to his prejudice, in maintaining his action or defense upon the merits. When it is alleged that a party has been so mislead, that fact must be proved to the satisfaction of the court. It also must be shown in what respect he has been mislead. Thereupon the court may order the pleadings to be amended, upon such terms as are just."

The evidence tending to create the variance was introduced by the defendant below. It was properly introduced without objection by anybody.

The record fails to show that by the variance, the defendant was "actually mislead" in maintaining his defense upon the merits.

There is no allegation in the record that the defendant was so mislead at the trial, nor does the record show that it presented such question to the trial judge or undertook to point out in what respect it had been mislead, as required by the statutes.

It is not urged in this court that the defendant company was mislead by the variance complained of, and there is no evidence satisfactory to this court that the defendant was in any manner mislead by the variance suggested, or the neglect of the trial judge to order the petition to be amended so as to cover the possibility and claim that the car had not come to a complete stop.

Indeed, by raising the question in its answer, the defendant may be said to have broadened the issues in the case so that no amendment of the petition was necessary. The trial judge evidently took this view of the matter.

In *Hoffman* v. *Gordon*, 15 O. S., 211, it was said:

"The evident object of the code is to vest in the court a discretion where it can be done without surprise or injury, to try the case upon the *evidence,* outside of the pleadings, *and if objection be made,* to allow the pleadings to be conformed to the evidence at once and without terms."

Here no objection was made to the introduction of evidence, no surprise or injury suggested, and no demand made that the petition be amended.

In the case of *Dayton Insurance Co.* v. *Kelly,* 24 O. S., 345, it was held:

"A judgment will not be disturbed for an omission of the court to order an amendment of the petition so as to make its allegations conform to the facts proved or admitted, where the variance between the allegations in the petition and the proof is not material."

To the same effect is *Sibilia* v. *Bahney,* 34 O. S., 399.

To have granted the defendant company's requests to charge would have been reversible error. *Banta* v. *Martin,* 38 O. S., 534, 537.

Section 11364, General Code (formerly R. S. 5115), provides:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party. No judgment shall be reversed, or affected, by reason of such error or defect."

Following this injunction the Supreme Court, in the case of *Benninger* v. *Hess,* 41 O. S., 64, 69, speaking through Judge Dickman, said:

"Where a judgment has been rendered and there has been a variance between the pleading and the proof, but not such as to mislead the opposite party to his prejudice, and where there has been an omission in such case to conform the pleadings to the facts proved, it will not be in furtherance of justice to deprive the plaintiff of the fruits of the trial, by a reversal of the judgment on error."

By the amendment to said Section 11364, adopted May 10, 1911 (102 O. L., 132), it is provided that no reviewing court shall reverse a judgment for error or defect in the pleadings or proceedings, which does not affect the substantial rights of the party complaining, unless it can certify that substantial justice has not been done.

Being unable to so certify in this case, the judgment is affirmed.